DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division, modifying the child support obligation of appellee, Leo P. Finding that appellant failed to file objections to the magistrate's report, we affirm.
 {¶ 2} The facts giving rise to this appeal are as follows. On January 7, 1992, the court granted custody of the parties' daughter to appellant and ordered appellee to pay monthly child support. In 2001, appellant sought modification of appellee's child support order arguing that appellee could pay a larger amount. A hearing was conducted before an administrative officer of the Sandusky County Child Support Enforcement Agency and the hearing officer filed her findings and recommendations on July 27, 2001, in which she recommended that there be no change in appellee's monthly child support obligation of $453.49. Appellant objected to the administrative hearing officer's findings and recommendations and a hearing was held before a juvenile court magistrate on September 24, 2001.
 {¶ 3} Following the hearing, the magistrate issued a report stating that the findings of fact made by the administrative hearing officer were against the manifest weight of the evidence. The magistrate's report then recommended appellee pay support in the amount of $41.77 per week plus an administrative processing fee. The magistrate's report further recommended appellee continue paying $43.33 per month on accrued arrearages. The judgment entry advised the parties that pursuant to Juv.R. 40(D)(2), they had fourteen days in which to file their objections to the magistrate's report. On October 18, 2001, the trial judge adopted the magistrate's report as the judgment of the court. On November 16, 2001, appellant filed this appeal setting forth the following assignments of error:
 {¶ 4} "THE MAGISTRATE ERRED, AND ABUSED THE DISCRETION OF COURT BY NOT GRANTING A CONTINUANCE WHEN AN UNREPRESENTED LITIGANT REQUESTS A FIRST CONTINUANCE IN AN APPEAL OF ADMINISTRATIVE DECISION.
 {¶ 5} "THE MAGISTRATE ERRED, AND ABUSED THE DISCRETION OF COURT BY NOT PROPERLY DECIDING THE CASE BASED ON AN ERROR OF ADMINISTRATIVE BODY INITIALLY MAKING THE DECISION APPEAL.
 {¶ 6} "THE MAGISTRATE ERRED AND ABUSED ITS DISCRETION WHEN THE COURT DID NOT REQUIRE THE DEFENDANT TO PRODUCE FURTHER EVIDENCE RELATING TO HIS INCOME WHEN DEFENDANT IS A SOLE PROPRIETOR."
 {¶ 7} Juv.R. 40(E) provides that a party has fourteen days from the date of the magistrate's report in which to file objections. The magistrate's report does not become effective until it is adopted by the trial court. Juv.R.(E)(4)(a). Juv.R. (E)(3)(b) states: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 8} Appellant in this case filed no objections to the magistrate's report pursuant to Juv.R. 40(E). Accordingly, appellant has waived her right to challenge the judgment of the court on appeal. Appellant's three assignments of error are found not well taken.
 {¶ 9} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Common Pleas Court, Juvenile Division is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.